**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SETTLEMENT CAPITAL CORPORATION, INC. | ) ) ) | |
| V. | ) ) | 3-07-CV-1609-O |
| ZULAY PAGAN, SENECA ONE, LLC, ROUTE 28 RECEIVABLES, LLC and FIREMAN'S FUND INSURANC COMPANY | ) ) ) ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on August 5, 2008, Fireman's Fund Insurance Company ("FFIC")'s motion for summary judgment (Doc. 51) filed on May 22, 2008, was referred to the magistrate judge for report and recommendation. Upon review of the said motion and the responses of Seneca One, LLC and Route 28 Receivables, LLC (Doc. 71), of Settlement Capital Corp. (Doc. 73), and of Zulay Pagan (Doc. 75) and FFIC's reply (Doc. 81) and the relevant briefs and appendices, the magistrate judge finds and recommends as follows:

As part of a settlement agreement and release entered into by Jorge Pagan, as father and guardian of Zulay Pagan, and by FFIC on behalf of certain insureds, FFIC agreed to make scheduled payments to Zulay Pagan. Under the terms of the periodic payments FFIC is obligated to make a lump sum payment of $250,000.00 to Zulay Pagan on August 1, 2009.

On or about April 1, 2002, Zulay Pagan executed a purchase and sales agreement with Plaintiff selling and assigning her interest in the lump sum payment to be paid by FFIC on August 1, 2009, to Plaintiff. *See* FFIC's appendix, Exhibit C.

On or about February 12, 2007, Zulay Pagan executed a transfer and assignment agreement with Seneca One LLC selling and assigning $100,000.00 of the $250,000.00 lump sum payment to

be paid by FFIC on August 1, 2009. *See* Appendix, Exhibit F.

Upon learning of Zulay Pagan's purported assignment to Seneca One of a portion of the $250,000.00 lump sum payment due to be paid by FFIC on August 1, 2009, which Pagan had previously assigned in *toto* to Settlement Capital Corp., counsel for Settlement Capital wrote FFIC on September 5, 2007, requesting that FFIC comply with a court order directing FFIC to pay Settlement Capital the previously assigned $250,000.00 lump sum payment on August 1, 2009. *See* Appendix Exhibit K and Exhibit I at 96, ¶ D.

Seneca One's counsel in turn copied FFIC with a letter addressed to Stone Street Capital, LLC's attorney setting out Seneca One's claim to $100,000.00 of the $250,000.00 payment to be made on August 1, 2009. FFIC's claims representative was copied with the letter as well. Appendix, Exhibit L. Aside from any differences which may exist between Seneca and Stone Street Capital, referred to in the letter, it is abundantly clear that entitlement to the $250,000.00 to be disbursed on August 1, 2009, is hotly disputed. Seneca One and Route 28 Receivables, LLC, Settlement Capital and Zulay Pagan do not join issue on the appropriateness of FFIC's statutory interpleader action pursuant to 28 U.S.C. § 1335, as a general principle. However, two issues are raised regarding whether FFIC's motion for summary judgment should be granted at this time.

FFIC is not presently obligated to disburse the $250,000.00 payment. In its motion and brief FFIC pledges that if its motion for summary judgment is granted it will deposit the sum on August 1, 2009. Seneca One and Route 28 argue that this pledge is insufficient to satisfy the requirement that the payment be placed into the registry of the court. I find the disposition made by the court in *Allstate Settlement Corp.* and *Allstate Life Ins. Co. v. United States, et al,* No. 2-07-05123-RB, *See* FFIC's Supplemental Appendix, to be correct. Further, in the Fifth Circuit's decision in *Murphy v.*

*The Travelers Ins. Co.,* 534 F.2d 1155, 1165 (5th Cir. 1976), the court held that an obligor's offer to place disputed funds into the registry of the court constituted a sufficient unconditional tender of disputed funds. Therefore, the fact that FFIC does not wish to tender the $250,000.00 into the registry of the court until August 1, 2009, does not bar summary judgment in its favor when FFIC has pledged to abide by the terms of any settlement agreement or any order of the court requiring the tender of the $250,000.00 on August 1, 2009.

The second issue relates to the amount of attorneys' fees due to FFIC and the source of such fees. The affected parties do not dispute the fact that the court has the authority to award a disinterested stakeholder its costs including attorneys' fees. Plaintiff argues that the attorneys' fees should be taxed against Seneca One and/or Route 28 and Zulay Pagan, while Seneca One and Pagan argue just the opposite.

FFIC initially took no position with respect to the source of the money for reimbursement of its attorneys' fees - that is either from the deposited funds or from the remaining parties. However, in its reply FFIC seeks an additional $6999.00 from Seneca One occasioned by additional services performed in researching and replying to Seneca One's response to FFIC's motion for summary judgment. While it is clear that FFIC is entitled to recover its reasonable attorneys' fees, *See* 7 Wright, et al, *Federal Practice and Procedure* § 1719, determination of the amount to be awarded and the source(s) of such amount should be deferred pending disposition of the disputes between the claimants to the $250,000.00 scheduled lump sum payment.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Fireman's Fund Insurance Co.'s Motion for Summary Judgment and Cross-Claim for Statutory Interpleader (Doc. 51) be granted and that

the District Court enter its order dismissing Fireman's Fund as a party to this action conditioned on Fireman's Fund agreement to tender into the registry of the court the sum of $250,000.00 on August 1, 2009, and the District court further grant Fireman's Fund's request for attorneys' fee, but defer entering its order setting the amount of such fees and the source(s) of the same until a later date.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 21st day of November, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.