IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SETTLEMENT CAPITAL<br>CORPORATION INC.,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1609-O |
| ZULAY PAGAN, *et al.*,<br>    Defendants, | §<br>§<br>§ | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Settlement Capital Corporation's Motion for Sanctions Against Zulay Pagan (Doc. # 150), filed November 18, 2008.

Having considered this motion in light of the relevant facts and law, the Court finds that it should be and is hereby **GRANTED**.

I.    Introduction

Plaintiff Settlement Capital Corporation ("SCC") seeks sanctions against Defendant Zulay Pagan ("Pagan"), arguing she has disappeared and failed to cooperate in this case, despite asserting affirmative claims, including attempting to certify a class, against SCC. Doc. # 150. Plaintiff asks the Court to impose all just sanctions against Pagan available under Rule 37 of the Federal Rules of Civil Procedure, including awarding SCC attorney's fees and costs; dismissing, with prejudice, Pagan's affirmative claims against SCC; and precluding Pagan from asserting any defenses to SCC's affirmative claims. In response, Pagan's counsel states that, due to Ms. Pagan's lack of communication and cooperation with her counsel, counsel were unable to prepare a substantive response to SCC's motion for sanctions. *See* Doc. # 156.

1

II.     Background

SCC filed suit against Defendants Zulay Pagan, Seneca One, LLC ("Seneca"), Route 28 Receivables, LLC ("Route 28"), and Fireman's Fund Insurance Company ("FFIC") on September 19, 2007.  SCC alleges that Pagan assigned a structured settlement payment to SCC, and later assigned these same funds to Seneca and Route 28.  Doc. # 56.  Plaintiff bring claims against Pagan arising out of these allegations, including claims for breach of contract, unjust enrichment, theft, conspiracy to commit theft, and conversion.  *Id.*

Though properly served, Pagan failed to answer or otherwise respond to Plaintiff's complaint and FFIC's crossclaim within the time period allowed under the Federal Rules.  *See* Doc. # 7 (summons executed as to Pagan on 12/23/07); Doc. # 31 (summons executed as to Pagan on 2/19/08); FED. R. CIV. P. 12.  On March 11, 2008, the Clerk entered default against Pagan pursuant to FFIC's request.

On April 25, 2008, after this case was put on a scheduling order and had been pending for seven months, Pagan filed her original answer, counterclaim, and answer to FFIC's crossclaim. *See* Doc. # 41-43.  Pagan provided no explanation for the late-filing of these documents.  On May 30, 2008, before participating in any discovery, Pagan filed her motion for partial summary judgment directed at SCC.  Doc. # 61, 62.  SCC moved to continue this motion, noting that Pagan had not been deposed or otherwise provided any discovery.  Doc. # 83.  Pagan opposed SCC's request, the same day filing a motion to extend the deadline for moving to certify a class against SCC.  Doc. # 90, 91.  SCC's motion for continuance was granted in part, by order allowing SCC to file a supplemental brief in opposition to Pagan's motion for partial summary judgment within twenty days of Pagan completing her discovery obligations to SCC.  Doc. #

183.

On September 22, 2008, SCC filed a motion to compel and for sanctions against Pagan. Doc. # 118. In support of the motion, SCC stated that Pagan refused to cooperate in scheduling of, and failed to appear for, her deposition. Doc. # 119. SCC stated that Pagan refused to communicate with her own counsel and refused to provide any substantive responses to discovery requests. *Id.* SCC noted that Pagan had not produced any documents except for her retainer agreement with her own counsel. *Id.* This Court entered an order requiring Pagan to respond to SCC's motion by September 26, 2008. Doc. # 121. On September 26, 2008, Pagan's counsel filed a document stating that Pagan stopped communicating with her counsel several months ago and admitted that Pagan failed to appear for her properly-noticed deposition. Doc. # 124, 125. A supporting declaration from Pagan's counsel demonstrates that her attorneys made numerous efforts, all unsuccessful, to communicate with and locate their client, including sending e-mails, sending mail via federal express, placing telephone calls, and commissioning a background check. In addition, Pagan's counsel traveled to Pagan's last known residence and learned that she vacated her apartment on August 15, 2008. On September 29, 2008, the Court denied SCC's motion to compel and for sanctions, *sua sponte* extending the discovery deadline, providing Pagan's counsel with additional time to locate Pagan and attend to necessary discovery matters. *See* Doc. # 127.

On October 29, 2008, Pagan's counsel filed a status report with the Court stating that they hired a private investigator who was unable to locate Pagan. Doc. # 130, 131. Shortly thereafter, SCC filed its second motion for sanctions against Pagan, re-urging its prior motion and asking the Court to impose sanctions pursuant to Rule 37 of the Federal Rules of Civil

3

Procedure. Pagan's counsel responded that, due to Ms. Pagan's disappearance, they were unable to prepare a substantive response to SCC's motion for sanctions. *See* Doc. # 156. Pagan's counsel also filed a motion asking the Court to dismiss, without prejudice, Pagan's class action counterclaim and to allow counsel to withdraw from further representing Pagan in this case. *See* Doc. # 157. On December 1, 2008, this Court granted Pagan's counsel's motion, dismissing Pagan's counterclaim and allowing her counsel to withdraw. *See* Doc. # 166. The Court now considers SCC's request for sanctions.

III.  Legal Standards

Rule 37 of the Federal Rules of Civil Procedure provides that a court may impose sanctions where a party fails to comply with a discovery order, appear for its deposition, or for other behavior that disrupts discovery. *See* FED. R. CIV. P. 37. Available sanctions include preventing the offending party from supporting or opposing designated claims, or introducing designated matters into evidence. *See* FED. R. CIV. P. 37(b), (d). The Court may also strike pleadings, dismiss an action, or render a default judgment, as well as award attorney's fees. *Id.* As a general rule, a court will impose sanctions to: (1) secure compliance with discovery rules, (2) deter others from violating them, and (3) punish those who do violate them. *See Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976). Imposition of extreme sanctions is appropriate where noncompliance has been willful or in bad faith. *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989). Sanctions should be tailored to the specific misconduct at issue. *See Pressy v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). A severe sanction under Rule 37 is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th

4

Cir. 2003).

The Court also has inherent power to enter sanctions. The inherent powers of the court are those which are necessary to the exercise of all other powers. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980). When inherent powers are invoked, they should be exercised with restraint and discretion. *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997). Severe sanctions should be confined to instances of bad faith or willful abuse of the judicial process. *Id.* When parties exploit the judicial process, a court may sanction conduct beyond the reach of other rules. *Natural Gas Pipeline v. Energy Gathering, Inc.*, 2 F.3d 1397, 1407 (5th Cir. 1993).

IV. Analysis

SCC asks the Court to strike Pagan's affirmative claims, to preclude Pagan from asserting any defenses to SCC's affirmative claims, and to award attorney's fees and costs.[1] The Court construes this request as asking the Court to strike Pagan's defenses, as well as her motion for partial summary judgment directed at SCC, and to award attorney's fees and costs incurred in bringing motions for sanctions, to compel, and to continue summary judgment, and for any other expense incurred due to Pagan's failure to cooperate in this case.

Having considered the facts of this case in light of the applicable law, the Court finds it appropriate to strike Pagan's motion for summary judgment and to preclude Pagan from asserting any defenses to SCC's affirmative claims. The Court finds that Pagan's failure to comply with Court orders and rules, to cooperate with her own attorneys and opposing parties,

---

[1] The Court notes that some of the relief SCC seeks is now moot. On December 1, 2008, the Court granted Pagan's counsel's motion to dismiss Pagan's counterclaim. *See* Doc. # 166. Accordingly, to the extent SCC requests dismissal of Pagan's counterclaim, the Court finds the request is now moot.

and to provide any relevant discovery, including failing to appear at her own properly-noticed deposition, demonstrate willfulness, bad faith, and complete disregard for the judicial process. Such conduct warrants severe sanctions under Rule 37 of the Federal Rules of Civil Procedure, and also supports use of the Court's inherent power to sanction.

The Court finds this sanction tailored to the specific misconduct at issue. Pagan has delayed and disrupted this litigation at every stage. She filed her answer seven months after commencement of the case, refused to participate in discovery, and then disappeared before this case was resolved. In addition, Pagan's motion for partial summary judgment is currently stayed until Pagan appears for her deposition. *See* Doc. # 183. The trial date rapidly approaches, and Pagan cannot be found in spite of diligent efforts to locate her. *See* Doc. # 34 (setting trial for docket starting 2/2/09). The Court finds that no lesser sanction appropriately deters and punishes such misconduct, and allows this case to proceed to trial without delay, in a manner fair to SCC and the other parties. Accordingly, the Court grants SCC's request for sanctions, and by this order precludes Pagan from asserting any defenses to SCC's affirmative claims, and strikes Pagan's motion for partial summary judgment.

For these reasons, the Court also finds it appropriate to award SCC attorney's fees and costs incurred as a result of Pagan's misconduct. However, the Court cannot award fees and costs without evidence of the amount incurred. Accordingly, the Court conditionally grants SCC's request for attorney's fees and costs, and ORDERS SCC to file a supplemental motion supported by sufficient evidence and authority to prove the amount of fees and costs incurred as a result of Pagan's misconduct. This supplemental motion shall be filed within **45 days** from the date of this order.

V.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff Settlement Capital Corporation's Motion for Sanctions against Defendant Zulay Pagan (Doc. # 150). The Court hereby strikes Pagan's defenses and motion for partial summary judgment (Doc. # 61). In addition, the Court conditionally awards SCC attorney's fees and costs pending submission of its supplemental motion with supporting evidence and authority.

**SO ORDERED** on this 16th day of **January, 2009**.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**